Martin F. Casey
**CASEY & BARNETT, LLC**
41 Madison Avenue, Ste 2528
New York, New York 10010
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o VERMEER
MANUFACTURING COMPANY, INC.,

       Plaintiff,

  - against –

M/V COSCO NAGOYA, her engines, tackle, boilers,
etc. *in rem*; JASMINE SHIPPING, S.A.; and
EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC. d/b/a EXPEDITORS
INTERNATIONAL OCEAN; and HANJIN
SHIPPING COMPANY, *in personam.*

       Defendants.
-----------------------------------------------------------X

**14 CIV. 7421**

14 Civ.

**VERIFIED COMPLAINT**

FILED
SEP 12 2014
USDC WP SDNY

      Plaintiff, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o VERMEER MANUFACTURING COMPANY, INC., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

## PARTIES

2.     At all material times, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "IINA" or "Plaintiff") was and is a corporation with an office and place of business located at 1133 Avenue of the Americas, New York, New York 10036, and is the subrogated underwriter of two consignments of Agricultural Balers laden on board the M/V COSCO NAGOYA, as more specifically described below.

3.     At all material times, VERMEER MANUFACTURING COMPANY, INC. (hereinafter "Vermeer" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1210 Vermeer Road East, Pella, Iowa 50219 and was the owner/consignee of two consignments of Agricultural Balers laden on board the M/V COSCO NAGOYA, as more specifically described below.

4.     At all material times, defendant M/V COSCO NAGOYA (hereinafter "the vessel") is an ocean going container ship owned and operated by defendants, as more specifically described below, that carried containerized cargo which is the subject matter of this lawsuit, from Germany to the United States.

5.     At all material times, defendant JASMINE SHIPPING SA (hereinafter "Jasmine") was and is a corporation with an office and place of business located at Banco General Tower, Aquilino de la Guardia Street, Marbella, Panama City, Panama, was and is the owner of the M/V COSCO NAGOYA and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

6.     At all material times, defendant, EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. d/b/a EXPEDITORS INTERNATIONAL OCEAN (hereinafter "Expeditors") was and is a corporation organized and existing by virtue of the laws of a foreign

2

state with an office and place of business located at 1015 Third Avenue, 12th Floor, Seattle, WA 98104 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a non vessel owning common carrier.

7. At all material times, defendant, HANJIN SHIPPING COMPANY (hereinafter "Hanjin") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 4300 North Point Parkway, Ste 103, Alpharetta, GA 30022 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

8. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

9. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 8, inclusive, as if herein set forth at length.

10. In December 2013, a consignment consisting of 6 packages Agricultural Machinery, laden in container numbers HJCU 1278010 and HJCU 1527339, then being in good order and condition, was delivered to the M/V COSCO NAGOYA and to Expeditors and Hanjin and/or their agents in Bremerhaven, Germany in consideration of an agreed upon freight, pursuant to Expeditors bill of lading number 623601488 dated December 18, 2013 for transportation to Pella, Indiana via Norfolk, Virginia and to a certain bill of lading issued by Hanjin.

11. Thereafter, the aforementioned consignment was loaded aboard the M/V COSCO NAGOYA and the vessel sailed for its intended destination.

12. On or about December 23, 2013, while the vessel was enroute to the United States and in the Atlantic Ocean, the vessel encountered severe weather conditions, which resulted in the loss of a number of containers overboard, including the two containers laden with plaintiff's cargo.

13. As a result of the foregoing, Vermeer suffered a loss of its cargo valued at $190,414.78.

14. The loss sustained by Plaintiff was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the Defendants and/or its agents and/or the unseaworthiness of the M/V COSCO NAGOYA.

15. At all times relevant hereto, a contract of insurance for property damage was in effect between Vermeer and IINA, which provided coverage for, among other things, loss or damage to the subject consignment.

16. Pursuant to the aforementioned contract of insurance between Vermeer and IINA, monies have been expended on behalf of Vermeer to the detriment of IINA due to the damages sustained during this transit.

17. As IINA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendants, IINA has an equitable right of subrogation and is subrogated, to the extent of the expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

18. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $190,414.78.

## AS AND FOR A SECOND CAUSE OF ACTION

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 18, inclusive, as if herein set forth at length.

20. At the time of the aforementioned non-delivery to the shipment occurred, defendants together with the entities they hired to act on their behalf, wee acting as bailees of the shipment and in their own capacity, or through their contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to them. Defendants also had a duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

21. Defendants breached their duties and obligations as bailees by failing to deliver said shipment.

22. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $190,414.78.

## AS AND FOR A THIRD CAUSE OF ACTION

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 22, inclusive, as if herein set forth at length.

24. As the owners, operators, charterers and /or managers of the M/V COSCO NAGOYA, defendants were responsible for properly manning, maintaining and repairing the vessel and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry cargoes that were delivered to and loaded on board the M/V COSCO NAGOYA during winter North Atlantic voyages.

25. The losses sustained by plaintiff were caused, in whole or in part, by the negligence and fault of defendants, and /or their agents, representatives and independent contractors for whose acts and omissions it was responsible, including but not limited to, their failure to maintain the M/V COSCO NAGOYA in a seaworthy condition.

26. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $190,414.78.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $190,414.78, together with interests, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       September 12, 2014
       115-1324


                                        **CASEY & BARNETT, LLC**
                                        Attorneys for Plaintiff

                                    By: _/s/ Martin F. Casey_
                                        Martin F. Casey
                                        41 Madison Avenue, Ste 2528
                                        New York, New York 10010
                                        (212) 286-0225

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

Ann Branley, being duly sworn, deposes and says:

1. I am employed as the Recovery Manager for Ace USA, Inc., the insurance manager of plaintiff, Indemnity Insurance Company of North America, and in said capacity I am authorized to make this verification and affidavit on behalf of plaintiff.

2. I have read the foregoing complaint and I am familiar with the contents thereof.

3. The same are true to the best of my knowledge, except as to those matters alleged on information and belief and as to those matters I believe them to be true.

4. The sources of my information and the grounds for my belief are records, information, and documents contained in the files of Ace USA, Inc., including electronic data, relating to the matters in suit and information which has come to my attention in the performance of my duties as Recovery Manager.

/s/ Ann Branley
Ann Branley

Sworn to before me this 12th day of September, 2014

/s/ Martin F. Casey
Martin F. Casey

Martin F. Casey
Notary Public, State of New York
No. 02CA6195350
Qualified in Westchester County
My Commission Expires October 20, 20_16_